UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

MISC. NO.:

IN THE MATTER OF THE SEARCH OF )
311 OAKMONTE CIRCLE )
GREENWOOD, SOUTH CAROLINA )
29649 AND THE SEARCH OF A )
CELLULAR TELEPHONE )
)
)

**ORDER TO SEAL**

This matter comes before the court on motion of the United States to file the affidavit and its attachments under seal. The purpose of the Government's request is to protect the information contained within these documents as release of the information would jeopardize an ongoing investigation, reveal sensitive information about the nature and scope of the investigation, disclose the identity of cooperating sources and potential witnesses, and could result in the destruction of evidence or flight from prosecution.

Having conducted an independent review of the facts set forth in the affidavit in support of the warrants as well as the reasons provided by the Government in its sealing motion, the Court concludes that the Government's significant countervailing interest in sealing outweighs the common-law public interest in access to such documents and that sealing the affidavit is "essential to preserve higher values." *See Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429-31 (4th Cir. 2005). The Court further concludes that, by sealing only the affidavit and its attachments and providing public access to the warrants, the applications in support of the warrants, the motion to seal and this sealing order, the denial of access is narrowly tailored to serve the government's interests in sealing. *Id.* at 429.

In reaching this conclusion, the Court has considered alternative measures less restrictive than sealing—such as redaction of portions of the documents—but finds that, at this juncture, redaction would not protect the Government's compelling interests and un-redacted portions would largely be limited to information available in the warrant and application. *See In re Search Warrant for Secretarial Area Outside of Gunn*, 855 F.2d 569, 574 (8th Cir. 1999) (explaining that "line-by-line" redactions were "not practical" where "[v]irtually every page contain[ed] multiple references" to sensitive information); *In re Search of Office Suites for World & Islam Studies Enterprise*, 925 F. Supp. 738, 744 (M.D. Fla. 1996) (rejecting redactions of affidavit due to "concerns that unsealing even a portion of the affidavit would reveal, either explicitly or by inference, the scope and direction of the Government's investigation"); *In re Search Warrants for Nat'l Builders Corp.*, 833 F. Supp. 644, 646 (N.D. Ohio 1993) (finding that sealing of search warrant affidavit was justified when "[v]irtually every page of the of the affidavit contain[ed] references to conversations and events, and reveal[ed] the nature and scope of the on-going government investigation, including individuals not within the scope of the search warrant"). Based on the foregoing, the Court finds that the interests of justice are best served by filing these documents under seal, except that working copies may be made available to the United States Attorney's Office, the Federal Bureau of Investigation, and any other law enforcement agency designated by the United States Attorney's Office.

This order shall remain in effect until August 20, 2020 or further order of the Court, whichever occurs first. The timeframe may be extended on motion by the Government for good cause shown.

It is therefore,

ORDERED that the affidavit and attachments thereto be filed under seal until August 20, 2020 or further order of the Court.

IT IS SO ORDERED.

_____
HONORABLE SHIVA V. HODGES
UNITED STATES MAGISTRATE JUDGE

Columbia, South Carolina
August 20, 2019

3